THE J. R. WATKINS MEDICAL COMPANY, a corporation created by and existing under the laws of the State of Minnesota, vs. DAVID H. WARRINGTON, JAMES H. McGLOTHEN, and WILLIAM E. WAPLES.

GUARANTY—GUARANTORS CANNOT BE JOINED IN ACTION ON SEPARATE CONTRACT OF PRINCIPAL.

Guarantors of payment by buyer cannot be joined in action by seller on its contract with buyer; their separate contract with seller creating a different obligation, a collateral engagement, though both were written on the same paper.

(April 15, 1920.)

BOYCE and RICE, J. J., sitting.

Charles W. Cullen for plaintiff.

James M. Tunnel for defendants.

Superior Court for Sussex County, April Term, 1920.

SUMMONS CASE No. 30, February Term, 1918.

Action by the J. R. Watkins Medical Company against David H. Warrington and two others. On demurrer to the declaration. Demurrer sustained.

Statement.

This was an action of assumpsit based upon articles of agreement entered into by and between the J. R. Watkins Medical Company, party of the first part, and David H. Warrington, party of the second part, for the sale and delivery of medicines, extracts, and other articles by the party of the first part to the party of the second part, at the usual and customary wholesale prices, as the party of the second part might reasonably require for sale from time to time during a stated period within the territory described in the agreement.

The party of the second part agreed to canvass the said territory at least three times a year and to pay all transportation charges on goods purchased and all expenses and obligations incurred in connection with the canvass of said territory and the sale of goods therein, etc.

Printed below the executed articles of agreement, McGlothen and Waples, two of the defendants, entered into the following contract:

"In consideration of one dollar in hand paid by the J. R. Watkins Medical Company, the receipt whereof is hereby acknowledged, and the execution of the foregoing agreement by said company, and the sale and delivery by it to the party of the second part, as vendee, of its medicines, extracts and other articles, and the extension of the time of payment of the indebtedness due from him to said company as therein provided, we, the undersigned sureties do hereby waive notice of the acceptance of this agreement and jointly, severally and unconditionally promise and guarantee the full and complete payment of said sum and indebtedness and for said medicines, extracts and other articles, and of prepaid freight and express charges thereon, at the time and place, and in the manner in said agreement provided.

"Sureties sign here, business men preferred.
SIGN IN INK.

"1st Surety: Jas. McGlothen.
"Occupation, Merchant.
"P. O. Address, Georgetown.

"Witness as to signature of first surety:
"[Signed] Mary E. McGlothen,
"Georgetown, Del.

"2d Surety: William E. Waples.
"Occupation, Blacksmith horse shoer.
"P. O. Address, Georgetown, Del.

"Witness as to signature of second surety:
"[Signed] George R. Waples,
"Georgetown."

The question raised on the demurrer was the right of the plaintiff company to sue the principal debtor and the guarantors jointly.

It was contended for the defendants that the rule is very general that in an action on a guaranty contract it is improper to join the principal debtor with the guarantors.    16 *Ency. Plead. & Prac.* 942; *Adams v. Wallace,* 119 *Cal.* 67, 51 *Pac.* 14; *Clark v. Morgan,* 13 *Ill. App.* 597; *Columbian Hardwood Lumber Co. v. Langley,* 51 *Ill. App.* 100; *Virden v. Ellsworth,* 15 *Ind.* 144; *Richwine v. Scovill,* 54 *Ind.* 150; *Read v. Cutts,* 7 *Me.* (7 *Greenl.*) 186, 22 *Am. Dec.* 184; *Smith v. Loomis,* 72 *Me.* 51; *Wallis v. Carpenter,* 13 *Allen* (*Mass.*) 19; *Graham v. Ringo,* 67 *Mo.* 324; *Miller v. Gaston,* 2 *Hill* (*N. Y.*) 188; *Prosser v. Luqueer,* 4 *Hill* (*N. Y.*) 420, 40 *Am. Dec.* 288; *Harris v. Eldridge,* 5 *Abb. N. C.* (*N. Y.*) 278.

That if the guarantor engages alone by a separate writing, although indorsed on the instrument signed by the original debtor, the declaration in an action against both is demurrable *Preston v. Davis,* 8 *Ark.* 167; *Cross v. Ballard,* 46 *Vt.* 415.

That McGlothen and Waples simply entered into a surety or guaranty contract—a collateral and not an original undertaking—and cannot be joined as defendants with the principal debtor.    1 *Woolley Del. Pac.* 104; *Register v. Casperson,* 3 *Har.* 289.

It was urged for the plaintiff that the agreement signed by McGlothen and Waples was an original, absolute undertaking and not collateral.    *Mading v. McGregor* 121 *Ind.* 465, 23 *N. E.* 283, 6 *L. R. A.* 686; *Frash et al. v. Polk,* 67 *Ind.* 55; *Kline v. Raymond,* 70 *Ind.* 271; *Burnham v. Gallentine,* 11 *Ind.* 295; *Kirby v. Studebaker,* 15 *Ind.* 45; *Watson v. Beabout,* 18 *Ind.* 281; *Ward v. Wilson,* 100 *Ind.* 52, 50 *Am. Rep.* 763; *Hubbard v. Haley et al.,* 96 *Wis.* 578, 71 *N. W.* 1036-1039; *Merrit v. Haas,* 106 *Minn.* 275, 118 *N. W.* 1023; 119 *N. W.* 247, 21 *L. R. A.* (*N. S.*) 153; 14 *A. & E.* (*2d Ed.*) 1141; *McConnon v. Laursen,* 22 *N. D.* 604, 135 *N. W.* 213; *Loverin & Brown v. Travis,* 135 *Wis.* 322, 115 *N. W.* 829; *Wilkenson v. Crescent Ins. Co.,* 64 *Ark.* 80, 40 *S. W.* 465, 62 *Am. St. Rep.* 152; *McKee v. Needles,* 123 *Iowa,* 195, 98 *N. W.* 618; *Davis v. Wells,* 104 *U. S.* 159, 26 *L. Ed.* 686; *Redfield v. Haight,* 27 *Conn.* 31.

That a surety of a person who agrees to purchase and pay for merchandise to be delivered is liable for the purchase price in the first instance. *Kirby v. Studebaker*, 15 *Ind.* 45.

That McGlothen and Waples made a direct promise to pay and the word "guarantee" is unimportant. *Wright v. Griffith*, 121 *Ind.* 478, 23 *N. E.* 281, 6 *L. R. A.* 639; *Nading v. McGregor*, 121 *Ind.* 465, 23 *N. E.* 283, 6 *L. R. A.* 686.

That McGlothen and Waples joined in the contract of the principal and became original parties with him.

*Per Curiam:*—The plaintiff and Warrington, one of the defendants, entered into an agreement in relation to the sale of certain goods. On the same paper McGlothen and Waples, the other two defendants, enter into a contract of guaranty with the plaintiff, separate from the original agreement with Warrington.

It is the opinion of the court that the guaranty contract is a collateral engagement for the promises and undertakings of Warrington, and creates a different obligation from that entered into by Warrington. McGlothen and Waples are merely guarantors, and they cannot be joined with Warrington in an action on the contract between the plaintiff and Warrington, the principal debtor.

The demurrer is sustained.